Filed 10/28/13  McAlister v. Mercury Ins. Co. CA2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HARVARD Y. MCALISTER, JR. et al., | B242537 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC472479) |
| MERCURY INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

William F. Highberger, Judge.  Affirmed.

Law Office of Jonathan Weiss, Jonathan Weiss; Law Office of

Steven W. O'Reilly and Steven W. O'Reilly for Plaintiffs and Appellants.

Barger & Wolen, Steven H. Weinstein, Spencer Y. Kook and Munish Dayal

for Defendant and Respondent.

_____

Plaintiffs and appellants Harvard Y. McAlister, Jr. and Ramona L. McAlister (plaintiffs) appeal a judgment in favor of defendant and respondent Mercury Insurance Company (Mercury) following the sustaining of Mercury's demurrer to the original complaint without leave to amend.

The essential issue presented is whether plaintiffs' action against Mercury is barred by the auto policy's contractual lawsuit limitations (CLL) provision, which bars lawsuits for breach of the med-pay agreement unless filed within two years of the accident date.

The pleading on its face shows the action is barred by the two-year CLL provision. Therefore, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Pleadings*

On October 31, 2011, plaintiffs filed suit against Mercury, alleging in pertinent part:

Plaintiffs purchased a Mercury auto insurance policy, including $5,000 in medical expense coverage (med-pay), covering the period July 4, 2006 through January 4, 2007. On December 14, 2006, plaintiffs were involved in an accident while driving their car. Both were injured and both incurred reasonable and necessary medical expenses within a year of the accident date. Plaintiffs "reported the accident to Mercury Insurance within 24 hours of its occurrence . . . ."

2

Nearly three years after the accident, on October 22, 2009, plaintiffs submitted $5,000 in medical bills to Mercury; $3,000 was incurred in the first year after the accident and $2,000 was incurred after the one-year period.

In a letter dated October 30, 2009, Mercury denied the claim for med-pay benefits on the ground the bills were submitted more than two years after the accident. Mercury cited the following policy language: " 'No suit or action on coverage C shall be sustainable in any Court of law or equity unless commenced within two years following the date of accident.' "

Plaintiffs' complaint disputed Mercury's position, alleging: "The cited language clearly and unambiguously refers to the time for filing a lawsuit regarding med-pay. The policy says nothing about the time for mailing or otherwise presenting medical expenses for payment or reimbursement."

The complaint also included class action allegations, and pled causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition (Bus. & Prof. Code, § 17200 et seq.), and declaratory relief.

2.      *Mercury's Demurrer*

Mercury demurred, asserting the complaint was barred in its entirety by the two-year CLL. Specifically, under the policy, Mercury agreed to pay for certain medical expenses "incurred within one year of the date of the accident" up to $5,000. The policy further provided: "No suit or action on Coverage C [medical expenses] shall be sustainable in any court of law or equity unless commenced within two years following the date of accident."

3

Here, the lawsuit for med-pay benefits was commenced long after the time permitted by the policy. The accident occurred on December 14, 2006. Within one year of the accident, plaintiffs allegedly incurred $3,000 in medical expenses. For unknown reasons, plaintiffs waited nearly two more years, until October 22, 2009, to submit a claim for med-pay benefits. After Mercury denied the claim, plaintiffs waited two more years before commencing the instant lawsuit. In other words, this lawsuit was brought nearly five years after the accident and nearly three years after the expiration of the deadline for filing suit to recover med-pay benefits.

3.      *Plaintiffs' Opposition*

Plaintiffs argued the policy failed to advise them in conspicuous and unequivocal language as to *when* to send in their medical bills. Therefore, Mercury's denial of benefits was wrongful and its CLL provision was unenforceable.

Plaintiffs relied on an insurance regulation, 10 California Code of Regulations section 2695.4 (Regulation 2695.4), which provides in pertinent part: "(a) Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant. . . . . [¶] . . . [¶] (d) Except where a time limit is specified in the policy, no insurer shall require a first party claimant under a policy to give notification of a claim or proof of claim within a specified time."

Plaintiffs argued Mercury was equitably estopped from asserting the two-year CLL provision because the policy failed to specify a deadline for submitting a proof of claim to the insurer. Further, Mercury remained silent despite the " 'affirmative duty to

4

speak' " imposed by the regulations, and therefore was precluded from using the contractual limitations provision.

4. *Trial Court's Ruling*

On May 8, 2012, the matter came on for hearing. The trial court sustained Mercury's demurrer without leave to amend. It found the policy's CLL provision, which barred suit for med-pay benefits unless commenced within two years of the date of the accident, "is reasonable and thus enforceable, contrary to plaintiffs' legal contention. The Court is satisfied that the policy's disclosure of the time limit is quite clear enough and that there is no basis for the alleged equitable estoppel. Since plaintiffs had not claimed until after the contractual limitations period had run, there was no occasion for the carrier to supplement the disclosures in the policy's text with further disclosures when a claim is first presented."

Plaintiffs filed a timely notice of appeal from the judgment.

### CONTENTIONS

Plaintiffs contend: the trial court erred in holding the CLL provision necessarily barred their claim; Mercury's failure to comply with insurance regulations equitably estops it from relying on the CLL provision; the CLL provision is so unreasonable as to be unenforceable; the CLL is unconscionable and therefore unenforceable; and if factual allegations are insufficient, leave to amend should be given.

5

## *DISCUSSION*

1.     *Standard of Appellate Review*

In determining whether a plaintiff has properly stated a claim for relief, "our standard of review is clear: ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] *We also consider matters which may be judicially noticed.*" [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126, italics added.) Our review is de novo. (*Ibid.*)

2.     *Trial Court Properly Sustained Demurrer Without Leave to Amend Because Plaintiffs Failed to File Suit to Recover Med-pay Benefits "Within Two Years Following the Date of Accident," As Required by the Policy*

        a.     *Plaintiffs reliance on Regulation 2695.4 is misplaced; until such time as a claim is presented, the duty to notify the claimant of applicable time limits is not triggered*

Plaintiffs contend Regulation 2695.4 required Mercury to give notice of the proof of claim deadline before enforcing it, and because Mercury did not disclose a proof of

6

claim limitation period, it is barred from enforcing the proof of claim deadline. As explained below, the argument is unavailing.

To reiterate, Regulation 2695.4 states in pertinent part: "(a) Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer *that may apply to the claim presented by the claimant*." (Italics added.)

Plaintiffs characterize their notification to Mercury, within 24 hours of the accident, that they had been involved in an accident, as a "claim," so as to trigger Regulation 2695.4's duty on the part of the insurer to disclose to a claimant all time limits that may apply to the claim presented by the claimant. Thus, the discrete issue presented is whether the plaintiffs' initial notification to Mercury that they had been involved in an accident constituted a "claim."

In "both its ordinary meaning and in the interpretation given to it by other courts in similar circumstances, a claim is a demand for something as a right or as due. . . . A claim is the assertion of a liability of the party, demanding that the party perform some service or pay some money. [Citation.] A claim is a demand or challenge of something as a right and asserts the liability of the party from whom a service or sum of money is requested. [Citation.]" (*Abifadel v. Cigna Ins. Co.* (1992) 8 Cal.App.4th 145, 160.)

Clearly, plaintiffs' notification to Mercury, within 24 hours of the accident, that they had been involved in an accident, fell far short of a "claim." Therefore, Mercury at

that juncture was not required by Regulation 2695.4 to advise the plaintiffs of any applicable time limits.

        b.     *Action is barred on its face by plaintiffs' failure to file suit within two years of the accident*

As indicated, the date of the accident was December 14, 2006. The complaint discloses it was not until October 22, 2009, that plaintiffs submitted their medical bills to Mercury. The CLL provision in the policy unambiguously states: "No suit or action on Coverage C [expenses for medical services] shall be sustainable in any court of law or equity unless commenced *within two years* following the date of accident." (Italics added.) Plaintiffs commenced this action on October 31, 2011, nearly *five years* after the date of the accident.

In an attempt to overcome the two year CLL provision, plaintiffs argue said limitations provision is unreasonable, shows imposition or undue advantage, is unconscionable, and therefore is unenforceable.

Case law is to the contrary. For example, *CBS Broadcasting Inc. v. Fireman's Fund Ins. Co*. (1999) 70 Cal.App.4th 1075, found there was "nothing inherently unreasonable" about a one-year contractual limitations period (*id*. at p. 1084) which was clearly and conspicuously set forth in the policy. (*Id*. at p. 1086.)

Contractual limitations periods have "long been recognized as valid in California. As is stated in *Fageol T. & C. Co. v. Pacific Indemnity Co*. (1941) 18 Cal.2d 748, 753 [117 P.2d 669], of a policy provision requesting action to be commenced within 12 months after the happening of the loss: 'Such a covenant shortening the period of

limitations is a valid provision of an insurance contract and cannot be ignored with impunity as long as the limitation is not so unreasonable as to show imposition or undue advantage. One year was not an unfair period of limitation. [Citations.]' [Citations.] We accordingly hold that the shortened time-for-commencement-of-suit provision in the policies in question is valid and governs the time within which suit has to be commenced in this case." (*C & H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1064.)

Given that case law has upheld the validity of a one-year contractual limitations period, the instant two-year CLL provision is clearly enforceable. Because plaintiffs failed to file suit within two years of the accident, the action is barred.

### c. *No Basis for Leave to Amend*

Plaintiffs contend that in the event their factual allegations are insufficient, they should be granted leave to amend. The burden of showing a reasonable possibility that the pleading could be amended "is squarely on the plaintiff." (*Zelig v. County of Los Angeles, supra,* 27 Cal.4th at p. 1126.) Here, plaintiffs do not specify in what manner they could amend their pleading to state a cause of action. Therefore, leave to amend is not warranted.

*DISPOSITION*

The judgment is affirmed.  The parties shall bear their respective costs on appeal.


***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***


KLEIN, P. J.


WE CONCUR:


CROSKEY, J.


ALDRICH, J.